PER CURIAM.
This appeal arises out of a will contest in which the trial court entered a partial summary judgment addressing whether certain accounts passed by survivorship or by the terms of a 1993 will. We reverse because the will that the trial court construed has not been admitted to probate.
Decedent’s daughter, Dorothy June Hann, filed a petition for administration seeking to have admitted to probate a will of the decedent dated February 15, 1990. Decedent’s other daughter, Ruth Ranfranz, filed a response and counterpetition denying that the February 15, 1990, will was the decedent’s last will and offering for probate a subsequent will dated February 12, 1993. Hann then filed a motion for partial summary judgment seeking a determination that certain accounts passed by survivorship rather than pursuant to the 1993 will. Although it appears the trial court’s ruling may be correct, we hold that the trial court entered the partial summary judgment prematurely.
Section 733.213, Florida Statutes (1997), provides that “[n]o pleading seeking construction, of a will may be maintained until the will has first been probated.” It is undisputed that neither will has yet been admitted to probate. Therefore, we reverse the trial court’s order granting the motion for partial summary judgment and remand for further proceedings.
Reversed and remanded for further proceedings.
PARKER, C.J., and FULMER and GREEN, JJ., concur.